# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50040
Summary Calendar

MOHAMMED H. GHARBI, also known as Mike Gharbi,

Petitioner-Appellant,

v.

ALBERT W. BLAKEWAY,
Supervisory District Adjudications Officer, Naturalizations Unit,
United States Citizenship and Immigration Services, San Antonio;
KENNETH L. PASQUARELL, District Director,
United States Citizenship and Immigration Services, San Antonio;
MICHAEL B. MUKASEY, United States Attorney General;
MICHAEL CHERTOFF, Secretary, Department of Homeland Security;
EDUARDO AGUIRRE, JR., Director,
United States Citizenship and Immigration Services,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 1:04-CV-693

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mohammad Gharbi, a citizen of Iran who petitioned the district court under 8 U.S.C. § 1447(b) for expedited review of his naturalization application, was convicted under federal law of conspiracy and sundry counts of fraud and was sentenced to prison and ordered to pay restitution of $84,914. We recently affirmed the conviction but vacated the sentence and remanded for the district court to calculate gross receipts consistently with our opinion; we did not upset the district court's finding that the fraud resulted in at least $84,914 of damages. See United States v. Gharbi, No. 06-51237, 2007 U.S. App. LEXIS 29216 (5th Cir. Dec. 17, 2007).

Before an applicant for naturalization can be admitted as a United States citizen, he must have "been and still [be] a person of good moral character" for a specified amount of time before naturalization. 8 U.S.C. § 1427(a)(3). By statute, no one can be a person of good moral character "who . . . has been convicted of an aggravated felony," 8 U.S.C. § 1101(f)(8), with aggravated felony being defined, inter alia, as "fraud or deceit in which the loss to the victim or victims exceeds $10,000," 8 U.S.C. § 1101(a)(43)(M)(i). Because Gharbi was convicted of an aggravated felony while his application for naturalization was pending, the district court did not err in dismissing without prejudice his petition for review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his naturalization application.[1]

AFFIRMED.

---

[1] Gharbi offers a number of arguments why he should be granted immediate citizenship. We are not authorized by statute to consider these arguments. The Supreme "Court has repeatedly emphasized that over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens . . . . [T]he power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." Fiallo v. Bell, 430 U.S. 787, 792 (1977) (internal citations and quotations omitted). The statutes are unambiguous that Gharbi does not qualify for citizenship. "Once it has been determined that a person does not qualify for citizenship, . . . the district court has no discretion to ignore the defect and grant citizenship." I.N.S. v. Pangilinan, 486 U.S. 875, 884 (1988) (internal citations and quotations omitted).